UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALLY NANCE, | |
| Petitioner, | Civil Action No. 15-5810 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | |

*Pro se* Petitioner Wally Nance, an individual living in Trenton, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); Petitioner used an outdated form instead.

IT IS therefore on this ___3rd___ day of ___August___, 2015;

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502

(3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank section 2254 form shall not be construed as this Court's finding that the petition is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form;[1] it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is further

---

[1] The Court notes that under § 2254, the Court is authorized only to entertain habeas petitions from "a person *in custody* pursuant to *the judgment of a State court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Based on a cursory review of the Petition, Petitioner does not appear to be in custody, nor has any judgment been issued against him. The Court further notes that claims based on the collateral consequences of a conviction or prosecution, such as adverse effects on employment, are more properly brought in a civil rights complaint under 42. U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (if a plaintiff is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . habeas corpus is not an appropriate or available federal remedy," and should "be brought under the Civil Rights Act in federal court").

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*[signature]*
**Michael A. Shipp**
United States District Judge